**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>BROOKE JANITSCH,<br><br>                            Debtor | Chapter 7<br><br>Case No. 26-12778 (PMM)<br><br>Hearing Date: 8/26/2026 at 9:30 a.m.<br>Location: 900 Market Street, Ctrm. 3<br>Philadelphia, PA 19107 |

**MOTION OF FRANKLIN MINT FEDERAL CREDIT UNION
FOR AN ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. § 362(d) OR, IN THE ALTERNATIVE,
(II) COMPELLING ADEQUATE PROTECTION UNDER 11 U.S.C. § 363(e)**

TO:    THE HONORABLE PATRICIA M. MAYER,
        UNITED STATES BANRKUPTCY JUDGE

The motion of Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, for an order (i) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure or, in the alternative, (ii) compelling adequate protection pursuant to 11 U.S.C. § 363(e), respectfully represents as follows:

**<u>BACKGROUND</u>**

1.      On August 16, 2024, FMFCU made certain loans, advances, and extensions of credit to Brooke Janitsch (the "Debtor") in the amount of Forty Thousand Five Hundred Fifty and 00/100 Dollars ($40,550.00) (the "Loan") pursuant to the terms of that certain Loan Agreement and Consumer Credit Disclosure Statement.  As security for the Loan, the Debtor gave FMFCU a lien on the title to the vehicle being purchased with the proceeds of the Loan, a 2022 Jeep Compass (the "Vehicle").

2.      On June 30, 2026 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3.     As of the Petition Date, the Debtor owed FMFCU no less than Twenty-Eight Thousand Two Hundred Two and 67/100 Dollars ($28,202.67) on account of the Loan.

4.     On or about the Petition Date, FMFCU reviewed its internal records and determined that it did not have evidence of adequate insurance for the Vehicle identifying FMFCU as loss payee (the "Proof of Insurance").

5.     On July 8, 2026, counsel for FMFCU contacted counsel for the Debtor and requested the Proof of Insurance.  To date, no response to that request has been received.

6.     Accordingly, FMFCU must conclude that the Vehicle was not adequately insured as of the Petition Date and remains inadequately insured to this date.

7.     For the reasons hereinafter set forth, FMFCU is entitled to the entry of an order granting FMFCU relief from the automatic stay or, in the alternative, compelling the Debtor to provide FMFCU with the Proof of Insurance for the Vehicle identifying FMFCU as loss payee.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

8.     Section 362(d) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay of Section 362(a) of the Bankruptcy Code for cause.  See 11 U.S.C. § 362(d)(1).

9.     While the term "cause" is not explicitly defined, it includes a lack of adequate protection of an interest in property.  See id.

10.     As noted by the Third Circuit Court of Appeals, the language of Section 362(d) of the Bankruptcy Code is mandatory.  See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 208 (3d Cir. 1995).

11. FMFCU's interest in the Vehicle is not adequately protected due to the Debtor's failure to maintain a current insurance policy. Cause therefore exists to grant FMFCU relief from the automatic stay to exercise its state law rights and remedies with respect to the Vehicle.

12. In the alternative, Section 363(e) of the Bankruptcy Code provides that "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use…as is necessary to provide adequate protection of such an interest."

13. "Although Congress might have safeguarded the interests of secured creditors outright by excluding from the estate any property subject to a secured interest, it chose instead to include such property in the estate and to provide secured creditors with "adequate protection" for their interests." United States v. Whiting Pools, Inc., 462 U.S. 198, 203-04 (1983).

14. "At the secured creditor's insistence, the bankruptcy court must place such limits or conditions on the [debtor's] power to sell, use, or lease property as are necessary to protect the creditor. The creditor with a secured interest in property included in the estate must look to this provision for protection, rather than to the nonbankruptcy remedy of possession." Id. at 204.

15. FMFCU has a duly perfected lien on the title to the Vehicle, and FMFCU's interest is entitled to protection under Section 363(e) of the Bankruptcy Code.

16. FMFCU hereby requests that this Court order the Debtor to furnish adequate protection to FMFCU on account of its interest in the Vehicle by providing the Proof of Insurance.

## CONCLUSION

17. For the foregoing reasons, FMFCU respectfully requests that this Court enter an order (a) granting FMFCU relief from the automatic stay; or, in the alternative (b) compelling the Debtor to provide evidence of an adequate insurance policy for the Vehicle to FMFCU with

PHIL1\20238430.v1

FMFCU named as a loss payee; and/or (c) granting FMFCU such other and further relief as may be just and proper given the circumstances.

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order granting the relief requested herein, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By:     */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated:  July 31, 2026